UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS.

| | |
|---|---|
| | Civil Action No: 1_26-CV-12344 |

PLAINTIFF'S

EXPEDITED EMERGENCY MOTION

FOR DISQUALIFICATION

OF THE PRESIDING JUDGE

AND EXPEDITED EMERGENCY

REASSIGNMENT OF CASE TO

A DIFFERENT JUDGE PRIOR

JANE DOE, Plaintiff,

TO  START OF COURT HEARINGS

Vs.

AND PROCEEDINGS ON JUNE 18,2026

1.ASSOCIATE PROFESSOR FINNIAN McCAUSLAND

2. DOCTOR MARTINA McGRATH

3.DEAN ROSALIND SEGAL

4.SENIOR ASSOCIATE DEAN JOHANNA GUTLERNER

  AND

5.HARVARD MEDICAL SCHOOL

1

**EXPEDITED EMERGENCY MOTION FOR DISQUALIFICATION OF THE PRESIDING JUDGE PURSUANT TO 28 U.S.C. §§ 144 AND 455, FED. R. CIV. P. 63, AND APPLICABLE LOCAL RULES AND EXPEDITED EMERGENCY REASSIGNMENT OF CASE TO A DIFFERENT JUDGE PRIOR TO START OF COURT HEARINGS AND PROCEEDINGS ON JUNE 18,2026.**

## I. INTRODUCTION

1.This Motion seeks disqualification of the presiding judge because of reasonable impartiality concerns that might reasonably be questioned under 28 U.S.C. § 455(a) and/or because circumstances may fall within the mandatory disqualification provisions of 28 U.S.C. § 455(b).

2.Plaintiff respectfully moves this Court for disqualification of presiding Judge William G. Young pursuant to 28 U.S.C. §§ 144 and 455, Federal Rule of Civil Procedure 63, and all applicable Local Rules of the United States District Court for the District of Massachusetts and or relevant district court rules and reassignment of case to a different judge prior to court hearings and proceedings starting on June 18,2026.

3.Plaintiff submits this motion under 28 U.S.C. § 144, supported by affidavit demonstrating facts that could lead to bias or prejudice.

## II. GOVERNING LEGAL AUTHORITY

### A. Federal Statutory Standards

1. 28 U.S.C. § 455(a) requires a judge to recuse disqualify themselves "in any proceeding in which the judge's impartiality might reasonably be questioned."
2. 28 U.S.C. § 455(b) mandates disqualification in specific circumstances including personal bias or prejudice, financial or institutional conflicts of interest, prior involvement with a party or disputed matter.
3. 28 U.S.C. § 144 requires recusal when a party files a timely and sufficient affidavit establishing personal bias or prejudice.

2

**B. Federal Rules of Civil Procedure**

1. Fed. R. Civ. P. 63, provides procedural framework for substitution or reassignment where a judge cannot or should not proceed.

2. Fed. R. Civ. P. 1, requires the Court to ensure the "just, speedy, and inexpensive determination" of proceedings, which includes ensuring judicial impartiality.

**C. Local Rules (District of Massachusetts)**

This Motion is filed in compliance with:

1.Local Rule governing judge assignment / recusal procedures Rule 2.11 of the Code of Judicial Conduct.

### III. FACTUAL BASIS FOR RECUSAL

1. Defendants in this action is Harvard Medical School and or Harvard Medical School faculty

2.The presiding judge has the following institutional relationships with Defendants

A). Two-time alumnus of Defendant institution.

B). Former member of Defendant's Board of Overseers

C). Former leadership role in Defendant's Alumni Association and

D)Worked as a tutor/lecturer in law at Harvard Law School

3.These relationships reflect more than incidental affiliation and include governance-level involvement with the Defendant and or Defendants' institution.

4.Plaintiff seeks to avoid any appearance of impartiality and to preserve confidence in the fairness and neutrality of the proceedings. Given the re-assigned judge's publicly known affiliations with Defendant/Defendants' institution/school, including educational, professional, and governance-related connections, Plaintiff believes that reassignment of these matters to a judge without comparable ties would best promote public confidence in the administration of justice.

5.This request is made at the earliest practicable stage of the proceedings and before substantive hearings on the merits have commenced.

## IV. ARGUMENT

### A. Recusal Is Required Under 28 U.S.C. § 455(a)

1.Under § 455(a), the test is objective: whether a reasonable person fully informed of all facts would question the judge's impartiality.

2.Here, a reasonable observer could question impartiality given prior governance-level involvement with Defendants institution and ongoing litigation involving that same institution.

### B. Mandatory Disqualification May Apply Under 28 U.S.C. § 455(b)

1.To the extent the judge's prior roles involved fiduciary responsibilities, institutional governance, or ongoing relationship with Defendant. Those facts may fall within § 455(b)'s mandatory disqualification provisions.

### C. Judicial Economy and Integrity Require Assignment to a Different Judge

1.The integrity of the judicial process requires not only actual fairness but also the appearance of fairness. Where reasonable questions exist, reassignment preserves public confidence in the judiciary.

## V. PROCEDURAL COMPLIANCE

1. This Motion is timely filed upon recent discovery of the relevant facts, consistent with federal recusal standards.
2. A supporting affidavit pursuant to 28 U.S.C. § 144 is filed contemporaneously herewith.

4

## VI. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. Recuse or disqualify the presiding judge pursuant to 28 U.S.C. §§ 144 and 455
2. Reassign this case to a different judge without comparable ties to Defendants
3. Alternatively, certify the issue for expedited emergency Court review if required and
4. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

JANE DOE, Plaintiff

Pro Se, Litigant

June 15,2026.

Massachusetts.

Plaintiffs Identity and Contact Information Filed Under Seal Pending Court Approval.



## CERTIFICATION REGARDING NOTICE

I,Plaintiff("JANE DOE") certifies that prior notice to Defendants was not practicable due to the imminence of the scheduled proceeding and the risk that delay would render the requested relief ineffective. Plaintiff has provided prompt notice to Defendants' counsel Daniel J. Cloherty contemporaneously with filing of this motion and related motions on June 15,2026.

