UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS.

Civil Action No: 1_26-CV-12344

PLAINTIFF'S

EXPEDITED EMERGENCY MOTION

 FOR IMMEDIATE REASSIGNMENT

OF CASE TO

A DIFFERENT JUDGE PRIOR

TO  START OF COURT HEARINGS

AND PROCEEDINGS ON JUNE 18,2026

JANE DOE, Plaintiff,

Vs.

1.ASSOCIATE PROFESSOR FINNIAN McCAUSLAND

2. DOCTOR MARTINA McGRATH

3.DEAN ROSALIND SEGAL

4.SENIOR ASSOCIATE DEAN JOHANNA GUTLERNER

   AND

5.HARVARD MEDICAL SCHOOL

**EXPEDITED EMERGENCY MOTION FOR IMMEDIATE REASSIGNMENT OF CASE TO A DIFFERENT JUDGE PRIOR TO START OF COURT HEARINGS AND PROCEEDINGS ON JUNE 18,2026.**

Plaintiff respectfully moves that this case be immediately reassigned to a different judge pursuant to Rule 2.11 of the Massachusetts Code of Judicial Conduct.

Plaintiff recently discovered and therefore notes that Judge Denise Jefferson Casper, who recently recused from this matter before this Court subsequently reassigned this case to Judge William G. Young was also an alumnus of Defendant institution a fact that had not previously been known to Plaintiff. Plaintiff offers this fact solely as part of the procedural history and does not suggest that the recusal was based upon any reason absent a statement from Judge Denise Jefferson Casper.

In support thereof, Plaintiff states as follows:

1. Rule 2.11(A) provides that a judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned.
2. The assigned judge has multiple publicly known affiliations with Defendants(Exhibit 1), including (a) graduation from Defendant institution (b) receipt of an additional degree from Defendant institution (c) service on Defendant's Board of Overseers or similar governance body (d) service in Defendant's alumni leadership organizations and (e) service as a lecturer or member of the instructional faculty at Defendants' institution.
3. Plaintiff does not allege bad faith by the Court.
4. The concern presented is whether a fully informed and disinterested observer could reasonably question impartiality when a judge with substantial educational, professional, governance, and alumni affiliations presides over litigation involving that same institution.
5. Although any single affiliation may not independently require disqualification, the cumulative nature of the affiliations raises an appearance concern under Rule 2.11.
6. This motion is filed at the earliest practicable stage of the proceedings and before substantive hearings on the merits.

2

7. Reassignment of Plaintiff's case to a judge without comparable affiliations would eliminate any appearance issue and promote public confidence in the integrity and impartiality of the proceedings.

WHEREFORE, Plaintiff respectfully requests that the assigned judge recuse from further participation in this matter and that this Court reassigns this case to a judge without significant past or present affiliations with Defendants.

Respectfully submitted,

JANE DOE, Plaintiff

Pro Se, Litigant

June 15,2026.

Massachusetts.

Plaintiffs Identity and Contact Information Filed Under Seal Pending Court Approval.

4

CERTIFICATION REGARDING NOTICE

I,Plaintiff("JANE DOE") certifies that prior notice to Defendants was not practicable due to the imminence of the scheduled proceeding and the risk that delay would render the requested relief ineffective. Plaintiff has provided prompt notice to Defendants' counsel Daniel J. Cloherty contemporaneously with filing of this motion and related motions on June 15,2026.