UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS.

JANE DOE, Plaintiff,

Vs.



1.ASSOCIATE PROFESSOR FINNIAN McCAUSLAND

3.DEAN ROSALIND SEGAL

4.SENIOR ASSOCIATE DEAN JOHANNA GUTLERNER

5.HARVARD MEDICAL SCHOOL

Civil Action No: 1_26-CV-12344

EXPEDITED EMERGENCY

MOTION OF ODER FOR STAY

OF DENYING PLAINTIFF'S

MOTION FOR

RECONSIDERATION

TO PROCEED UNDER PSEUDONYM

AND FILE EXHIBITS AND MOTIONS

UNDER SEAL PENDING PLAINTIFF'S

EMERGENCY MOTIONS FOR RECUSAL

OR DISQUALIFICATION OF THE

PRESIDING JUDGE

AND EXPEDITED EMERGENCY

REASSIGNMENT OF PLAINTIFF'S

CASE TO A DIFFERENT JUDGE PRIOR

TO START OF ALL COURT

PROCEEDINGS STARTING JUNE 18,202

1

EXPEDITED EMERGENCY MOTION FOR STAY OF ORDER DENYING PSEUDONYM STATUS AND FILING UNDER SEAL PENDING COURT REVIEW OF PLAINTIFF'S MOTIONS FOR EXPEDITED EMERGENCY MOTION FOR RECONSIDERATION OF PLAINTIFFS MOTION TO PROCEED UNDER PSUDONYM AND FILE EXHIBITS AND MOTIONS UNDER SEAL AND EMERGECNY MOTION FOR RECUSAL OR DISQUALIFICATION OF THE PRESIDING JUDGE AND REASSIGNMENT OF CASE TO A DIFFERENT JUDGE AND
AREASSIGNMENT OF PLAINTIFF'S CASE TO A DIFFERENT JUDGE PRIOR TO START OF ALL COURT PROCEEDINGS STARTING JUNE 18,2026.

1.Plaintiff respectfully moves this Court on an expedited emergency motion and or consideration for relief for stay of order denying Plaintiff's motion to proceed under pseudonym status and filing under seal and granting sealing protections pending Court review and or further Court order and or if Court review and or further Court order occurs after the scheduled hearing date on June 18,2026. This Motion is brought pursuant to Fed. R. Civ. P. 62, Fed. R. Civ. P. 5.2, the Court's inherent authority, and applicable Local Rules governing sealing and emergency motions.

2.Plaintiff seeks expedited emergency relief to prevent public disclosure of Plaintiff's identity while Court review is pursued and or if Court review and or further Court order occurs after the scheduled hearing date on June 18,2026. Without immediate relief, revealing Plaintiff's identity in Court proceedings and public filings would cause irreparable retaliatory harm that cannot be remediated.

## II. PROCEDURAL POSTURE

1. On May 22,2026, Plaintiff moved to proceed under pseudonym and file all exhibits and motions under seal
2. The Court denied that motion by Order dated June 3,2026 and mailed to Plaintiff on or about June 11,2026.
3. Plaintiff seeks Court review of that Order.
4. A Court hearing is scheduled for June 18,2026, at which Plaintiff's identity unless interim relief is granted prior to the scheduled Court hearing.

2

### III. LEGAL STANDARD

1.Under Fed. R. Civ. P. 62, a District Court has authority to stay proceedings to preserve the status quo pending Court review.

2.Under Fed. R. Civ. P. 5.2, courts are authorized to protect sensitive information by requiring redaction, limiting disclosure, or ordering filings to be made under seal in appropriate circumstances.

3.Courts consider likelihood of success on appeal, irreparable harm absent relief, prejudice to opposing parties, and the public interest.

### IV. ARGUMENT

### A. Irreparable Harm Is Imminent Without Immediate Relief

1.Public disclosure of Plaintiff's identity during Court hearings and or proceedings and or upcoming court hearings once disclosed irreparable harm and retaliation, and confidentiality cannot be restored.

### B. A Stay for Order denying Plaintiff's motion to proceed under a pseudonym and to file all exhibits and motions under seal Is Necessary to Preserve the Status Quo Pending Court Review

1.Plaintiff's motion to proceed under a pseudonym and to file all exhibits and motions under seal would be effectively moot without protection before Court review.

### C. Relief Sought Will Not Prejudice Defendant

1.Defendant already knows Plaintiff's identity. The requested relief concerns only public disclosure, not litigation participation or discovery rights.

### D. This Court Should Alternatively Grant Sealing Protections Under Rule 5.2

Plaintiff respectfully requests narrower protections, including:

3

1. **Sealing of identity-related filings**

   Plaintiff requests that any filings, exhibits, or portions of the record that identify Plaintiff be filed under seal pending Court review.

2. **Redaction of publicly accessible docket entries**

   Plaintiff requests redaction and or restriction of docket entries containing Plaintiff's identifying information consistent with Fed. R. Civ. P. 5.2.

3. **Limited non-public treatment of Plaintiff's name in all court proceedings**

   Plaintiff requests that Plaintiff's full legal name not be stated publicly in all court proceedings and that references be limited to or pseudonym and or neutral initials where feasible.

4. **Sealing of hearing transcripts or identity-specific portions**

   Plaintiff requests that any filed exhibits and transcript portions revealing Plaintiff's identity be sealed and or restricted pending Court review.

**E. Public Interest Favors Preserving Court Review**

1.The public interest is served by ensuring that Court review of the motion for use of pseudonym and filing under seal denial is meaningful and not rendered moot by irreversible disclosure.

**V. REQUEST FOR RELIEF**

Plaintiff respectfully requests that the Court:

1. Grant leave for Plaintiff to proceed under a pseudonym and file under seal pending Court review or in the alternative.

2. Stay enforcement of the Order denying pseudonym status and file under seal pending Court review and

3. Grant sealing and redaction protections under Fed. R. Civ. P. 5.2, including: sealing identity-related filings and exhibits, redacting docket entries where necessary, limiting public disclosure of Plaintiff's name in all court hearings and sealing identity-revealing transcript portions.

4. Grant such further relief as the Court deems just and proper.

4

Respectfully submitted,

JANE DOE,

Plaintiff, Pro Se

June 15,2026

Massachusetts.

Plaintiffs Identity and Contact Information Filed Under Seal Pending Court Approval

## CERTIFICATION REGARDING NOTICE

I,Plaintiff("JANE DOE") certifies that prior notice to Defendants was not practicable due to the imminence of the scheduled proceeding and the risk that delay would render the requested relief ineffective. Plaintiff has provided prompt notice to Defendants' counsel Daniel J. Cloherty contemporaneously with filing of this motion and related motions on June 15,2026.

6.

Respectfully submitted,

JANE DOE,

Plaintiff, Pro Se

June 15,2026.

Massachusetts.

Plaintiffs Identity and Contact Information Filed Under Seal Pending Court Approval

CERTIFICATION REGARDING NOTICE

I,Plaintiff ("JANE DOE")certifies that prior notice to Defendants was not practicable due to the imminence of the scheduled proceeding and the risk that delay would render the requested relief ineffective. Plaintiff has provided prompt notice to Defendants' counsel Daniel J. Cloherty contemporaneously with filing of this motion and related motions on June 15,2026.