UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS.

Civil Action No: 1_26-CV-12344

AFFIDAVIT OF   PLAINTIFF JANE DOE

EXPEDITED EMERGENCY MOTION

FOR RECUSAL OR DISQUALIFICATION

OF THE PRESIDING JUDGE

AND REASSIGNMENT OF CASE TO

A DIFFERENT JUDGE PRIOR TO START OF

COURT HEARINGS/PROCEEDINGS ON

JUNE 18,2026

JANE DOE, Plaintiff,

Vs.

1.ASSOCIATE PROFESSOR FINNIAN McCAUSLAND

2. DOCTOR MARTINA McGRATH

3.DEAN ROSALIND SEGAL

4.SENIOR ASSOCIATE DEAN JOHANNA GUTLERNER

   AND

5.HARVARD MEDICAL SCHOOL

1

**AFFIDAVIT OF JANE DOE, PLAINTIFF, IN SUPPORT OF MOTION FOR EXPEDITED EMERGENCY RECUSAL OR DISQUALIFICATION UNDER 28 U.S.C. § 144 AND REASSIGNMENT OF CASE TO A DIFFERENT JUDGE PRIOR TO START OF COURT HEARINGS AND PROCEEDINGS ON JUNE 18,2026.**

I, Plaintiff, JANE DOE, declare under penalty of perjury under the laws of the United States that the following is true and correct:

## 1. IDENTITY AND PURPOSE

1. I am the Plaintiff in this action.
2. I submit this affidavit in support of my Motion for Recusal or Disqualification of the Honorable Judge William G. Young pursuant to 28 U.S.C. § 144.

## 2. FACTUAL BASIS FOR MOTION

3. The Defendant in this action is Harvard Medical School and specific faculty members identified in the civil complaint and motions filed.
4. Based on publicly available information and/or disclosures (Exhibit 1), I understand the presiding judge has the following past affiliations with Defendant.

   a. The judge attended Defendants' institution as an alumnus on two occasions.

   b. The judge previously served on Defendants' Board of Overseers.

   c. The judge previously participated in leadership or governance activities within Defendants' Alumni Association, and he also worked as a tutor/lecturer in law at Harvard Law School.

   d. These affiliations are institutional in nature and relate to governance or advisory roles rather than casual alumni status.

2

## 3. CONTEXT OF THESE AFFILIATIONS

6. Defendant institution/school is a party in this litigation.

7. The affiliations described above involve prior formal roles connected to Defendant institution/school, including participation in governance or advisory bodies.

8. These facts are offered as the basis for evaluating recusal under 28 U.S.C. § 455(a) and § 144.

## 4. PROCEDURAL POSTURE

9. Plaintiff seeks expedited emergency judicial determinations in all and or upcoming proceedings starting June 18,2026.

## 5. BASIS FOR RELIEF UNDER § 144

11. This affidavit is submitted in support of Plaintiff's belief that the circumstances described above may reasonably give rise to questions regarding impartiality under 28 U.S.C. § 144 and § 455(a).

12. Plaintiff used a pseudonym in this motion post denial of Plaintiff's motion to proceed under pseudonym and file under seal to protect Plaintiff's identity from irreparable and retaliatory harm pending court review.

## 6. GOOD FAITH CERTIFICATION

13. I, JANE DOE, submit this affidavit in good faith and based on publicly available facts known to Plaintiff at this time.

I declare under penalty of perjury that the foregoing is true and correct.

Dated June 15,2026.

JANE DOE, Plaintiff

Pro Se Litigant.

3

Respectfully submitted,

JANE DOE,

Plaintiff, Pro Se

June 15,2026.

Massachusetts.

Plaintiffs Identity and Contact Information Filed Under Seal Pending Court Approval

**CERTIFICATE OF SERVICE**

I certify that on June 13,2026, I served this Motion on all counsel of record via (CM/ECF/email-dcloherty@clohertysteinberg.com)