UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>        v.<br><br>ASSOCIATE PROFESSOR FINNIAN MCCAUSLAND, DOCTOR MARTINA MCGRATH, DEAN ROSALIND SEGAL, SENIOR ASSOCIATE DEAN JOHANNA GUTLERNER, AND HARVARD MEDICAL SCHOOL,<br><br>        Defendants. | No. 26-cv-12344-WGY |

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants Finnian McCausland, Martina McGrath, Rosalind Segal, Johanna Gutlerner (together the "Individual Defendants"), and President and Fellows of Harvard College ("Harvard")[1] respectfully submit this Motion to Dismiss the Complaint filed by Plaintiff Jane Doe.

As explained in greater detail in the accompanying Memorandum of Law, the Complaint should be summarily dismissed in its entirety for failure to comply with the basic pleading requirements imposed by Rule 8 of the Federal Rules of Civil Procedure.  In particular, rather than containing a "short and plain statement" of Plaintiff's supposed claims for relief against the Defendants with "simple, concise, and direct" allegations, the Complaint contains a 225-page

---

[1] The Complaint incorrectly identifies the institutional defendant as "Harvard Medical School" ("HMS").  President and Fellows of Harvard College is the correct name of the legal entity that comprises HMS and is the proper party to this litigation.

1

single-spaced and rambling description of a litany of grievances Plaintiff has against the

Defendants arising from her administrative withdrawal from HMS in March 2025.  The

Complaint also contains references to scores of Exhibits, none of which are attached to the

Complaint or have been served upon the Defendants.

Moreover, while the precise scope of Plaintiff's various claims for relief is difficult to

discern, a number of her purported causes of action should be dismissed for failure to state a

claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  While hardly a model of

clarity, the Complaint appears to assert claims against the Defendants[2] for: race discrimination in

violation of "Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d)" ("Title VI") (Count

I); retaliation in violation of Title VI and "Title IX (20 U.S.C. § 1681)" (Count II); "violation of

Harvard's own Non-Discrimination and Anti-Bullying (NDAB) Policy" (Count III); "violation of

Massachusetts Anti-Discrimination Law (M.G.L. c. 151C, § 2(d))" (Count IV); breach of

contract and breach of the implied covenant of good faith and fair dealing (Count V); and

"Harvard Medical School's Failure to Uphold the FERPA 1974 Law" (Count VI).[3]

To the extent the Court looks beyond the Complaint's obvious failure to comply with

Rule 8, many of the causes of action in the Complaint fail as a matter of law.  Counts I and II

must be dismissed as against the Individual Defendants because there is no individual liability

under Title VI.  *Thomas v. Salem State Univ. Found., Inc.*, 2011 WL 5007973, at *6 (D. Mass.

Oct. 18, 2011).  Count IV also must be dismissed as against the Individual Defendants because

---

[2] The Complaint does not specify which claims are being asserted against which Defendant.  For the purposes of the Motion to Dismiss, Defendants have assumed that Plaintiff intends to assert all claims against all Defendants.

[3] The Complaint purports to assert two causes of action (each labeled, "Count VI") against the Defendants for violation of FERPA, *see* Compl. ¶¶ 430-44, pp. 214-17, though each contains identical (repeated) paragraph numbers and near-identical language.

there is no individual liability under Chapter 151C of the Massachusetts General Laws. *Id.* Further, any Title IX claim (Count II) must be dismissed against all Defendants because Plaintiff has not alleged that she was discriminated and/or retaliated against on the basis of her gender. In addition, Plaintiff's claim for "violation" of the Harvard Non-Discrimination and Anti-Bullying policies (Count III) – which the Defendants have assumed to be a claim for breach of contract – is not plausible because it is duplicative of Count V, which is also for breach of contract, and Plaintiff's allegation that the Defendants failed to initiate an investigation describes conduct that is wholly consistent with the plain language of the referenced policies such that there can be no actionable breach.

Moreover, insofar as Plaintiff's separate claim for breach of contract and of the covenant of good faith and fair dealing (Count V) alleges breach of the so-called "HMS MMSCI program syllabus," that claim should be dismissed because the Complaint fails to identify that document and its relevant provisions (indeed, Defendants are not aware of the document that Plaintiff purports to reference in that claim). Plaintiff's contract claim (Count V) also seeks redress for the Defendants' alleged failure to allow Plaintiff to remediate a failing grade in violation of the HMS Master's Student Handbook ("Handbook"), but the Handbook explicitly states that remedial work must be "approved by the course director." Compl. ¶ 23, p. 11;[4] ¶ 103, p. 47; ¶ 108, p. 49-50; ¶ 112, p. 52; ¶ 118, p. 54; ¶ 266, pp. 131-32; ¶ 316, pp. 159-60. In other words, under the Handbook, HMS was not required to allow Plaintiff to retake the examination she failed, and Count V must be dismissed in this respect as well. *See id.* Lastly, any FERPA claim

---

[4] The Defendants refer to the Complaint paragraphs by paragraph and page number because the Complaint repeatedly skips and/or repeats paragraph numbers.

(Count VI) must be dismissed against all Defendants because there is no private right of action under FERPA. *Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 67-69 (1st Cir. 2002).

For the foregoing reasons, as well as those set forth in the accompanying Memorandum of Law, the Defendants respectfully request that the Court grant the Motion and dismiss the Complaint in its entirety.

Respectfully submitted,

**FINNIAN MCCAUSLAND, MARTINA MCGRATH, ROSALIND SEGAL, JOHANNA GUTLERNER, AND PRESIDENT AND FELLOWS OF HARVARD COLLEGE,**

By their attorneys,

/s/ *Rebecca M. O'Brien*
Daniel J. Cloherty (BBO #565772)
dcloherty@clohertysteinberg.com
Rebecca M. O'Brien (BBO #693592)
robrien@clohertysteinberg.com
CLOHERTY & STEINBERG LLP
One Financial Center, Suite 1120
Boston, MA  02111
Telephone: (617) 481-0160

Dated: June 16, 2026

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2026, this document was filed through the ECF system and will be sent electronically to the registered participants, as identified on the Notice of Electronic Filing.

/s/ Rebecca M. O'Brien
Rebecca M. O'Brien

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that, pursuant to Local Rule 7.1(a)(2), counsel for the Defendants conferred with the pro se Plaintiff in good faith concerning the subject matter of this Motion, and Plaintiff opposes the relief sought herein.

/s/ Rebecca M. O'Brien
Rebecca M. O'Brien