UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS.

JANE DOE, Plaintiff,

Vs.

1 ASSOCIATE PROFESSOR FINNIAN McCAUSLAND

2. DOCTOR MARTINA McGRATH

3. DEAN ROSALIND SEGAL

4. SENIOR ASSOCIATE DEAN JOHANNA GUTLERNER

5. HARVARD MEDICAL SCHOOL

Civil Action No: 1_26-CV-12344

PLAINTIFF'S

EXPEDITED EMERGENCY MOTION

FOR IMMEDIATE PROTECTIVE ORDER

PROHIBITING

PUBLICATION OR DISCLOSURE OF

PLAINTIFF'S IDENTITY AND CONTACT

AND REMOVAL OF ANY DISCLOSURE

AND PUBLICATION AND DISSEMINATION

OF ANY FORM OF

PLAINTIFF'S IDENTIFYING

INFORMATION PRIOR TO START OF

RE-SCHEDULED

COURT HEARINGS AND PROCEEDINGS

PROCEEDINGS ON JUNE 25,2026

1

**EXPEDITED EMERGENCY MOTION FOR IMMEDIATE PROTECTIVE ORDER PROHIBITING PUBLICATION OR DISCLOSURE OF PLAINTIFF'S IDENTITY AND CONTACT INFORMATION REMOVAL OF ANY PUBLICATION AND OR DISCLOSURE OF ANY FORM OF PLAINTIFF'S IDENTITY AND CONTACT INFORMATION AND CEASE FURTHER DISCLOSURE AND DISSEMINATION PRIOR TO START OF COURT HEARINGS AND PROCEEDINGS ON JUNE 25,2026**

1.Plaintiff respectfully moves this Court for an expedited emergency motion for immediate protective order prohibiting Defendants, their agents, employees, representatives, attorneys, counsels, affiliates, and all related persons acting in concert with Defendants from publishing, disseminating, disclosing, identifying, or otherwise revealing the identity and contact information of Plaintiff in any form and to remove any publication and disclosure of any form of Plaintiff's identity and contact information and cease further disclosure and dissemination pending the Court's determination of all the motions currently before the Court.

In support of this Motion, Plaintiff states as follows:

1.  The identity and contact information of Plaintiff is the subject of significant retaliatory, privacy, confidentiality, and safety concerns that are directly implicated by the pending motions before this Court.
2.  Defendants possess information that could identify Plaintiff through direct publication of the client's name and contact information or through indirect disclosure of identifying and contact details.
3.  Public disclosure of Plaintiff's identity and contact information before the Court resolves the pending motions would effectively result into irreversible harm to Plaintiff.
4.  Disclosure of Plaintiff's identity and contact information would create a substantial risk of irreparable harm, including retaliation, invasion of privacy, reputational injury, harassment, intimidation, and dissemination of personal and contact information through electronic and social media platforms.
5.  Public disclosure of Plaintiff's identity and contact information may also expose the client to safety concerns, including unwanted contact, threats, online harassment, and interference with personal and educational and professional relationships.

6. The requested relief is narrowly tailored and temporary in nature. Plaintiff seeks only to preserve the status quo until the Court adjudicates the pending motions concerning confidentiality, privacy, sealing, anonymity, or related issues.

7. Defendants will suffer no prejudice from maintaining confidentiality of Plaintiff while the Court considers the issues/motions currently before it.

8. The balance of equities favors preservation of confidentiality because disclosure before a ruling would render any subsequent protective order ineffective and moot.

9. Good cause exists for entry of a protective order preventing publication or disclosure of Plaintiff's identity and contact information pending further order of the Court.

10. Publication of Plaintiff's client's identity would substantially increase the likelihood that the client's personal contact information will be discovered, obtained, disseminated, or exploited by third parties.

11. If Plaintiff's name is publicly disclosed by Defendants and or their related agents, individuals may use publicly available databases and searches, media platforms, data broker services, public records, and other sources to identify and obtain the client's home address, mailing address, telephone numbers, email addresses, workplace information, and other personal contact information.

12. Disclosure of Plaintiff's identity therefore creates a substantial risk of unwanted communications, harassment, intimidation, retaliation, stalking, threats, and interference with the Plaintiff's personal and educational and professional affairs.

13. The dissemination of identifying and contact information would cause irreparable harm because once such information is distributed through public communications, websites, media platforms, or other public channels, it cannot realistically be retrieved or contained.

14. The risk of disclosure is particularly acute while the Court is considering the pending motions because disclosure during this period would effectively nullify the relief sought by Plaintiff.

15. Plaintiff therefore requests that the Court prohibit Defendants from publishing, disclosing, disseminating, or facilitating disclosure of Plaintiff's name, address, telephone number, email address, identifiers, educational information, photographs, location

information, or any other information reasonably capable of identifying or contacting the Plaintiff pending further order of the Court.

16. Plaintiff respectfully requests that this Court enter an order for immediate prohibition of Defendants and all persons acting on their behalf from publishing, disclosing, disseminating, identifying, or revealing Plaintiff's client's name, identity, personal and contact information, or identifying characteristics in any public or private forum from the filing of this motion pending resolution of the motions currently before the Court.

17. Requiring that all previous and future filings, exhibits, communications, and proceedings by Defendants referencing the Plaintiff's use initials, pseudonyms, redactions, or other protective measures as directed by the Court.

18. Prohibiting publication through websites, media, press releases, public statements, electronic communications, recordings, or any other medium capable of public dissemination.

19. Plaintiff respectfully requests that the Court order Defendants to promptly/immediately remove any publication and or disclosure of any form of Plaintiff's identity and contact information and cease further disclosure and dissemination of any personally identifying information, including contact and or related information, relating to Plaintiff that might have been published by Defendants and their related agents and or parties through court filings, online postings, communications, or any other means.

20. Plaintiff further requests that Defendants be expeditiously and immediately enjoined from publishing, disclosing, or otherwise making available any additional information that identifies, or could reasonably lead to the identification of, Plaintiff pending further review and order of the Court.

21. Maintaining the confidentiality of Plaintiff's identity and contact information pending further and review of motions and order of the Court

22. Granting such other and further relief as the Court deems just and proper.

4

Respectfully submitted,

JANE DOE, Plaintiff

Pro Se, Litigant

June 23,2026.

Massachusetts.

Plaintiffs Identity and Contact Information Filed Under Seal Pending Court Approval.

CERTIFICATION REGARDING NOTICE

I,Plaintiff("JANE DOE") certifies that prior notice to Defendants was not practicable due to the imminence of the scheduled proceeding and the risk that delay would render the requested relief ineffective. Plaintiff has provided prompt notice to Defendants' counsel Daniel J. Cloherty contemporaneously with filing of this motion and related motions on June 23,2026.