

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS.

JANE DOE, Plaintiff,

Vs.

1 ASSOCIATE PROFESSOR FINNIAN McCAUSLAND

3 DEAN ROSALIND SEGAL

4 SENIOR ASSOCIATE DEAN JOHANNA GUTLERNER

5 HARVARD MEDICAL SCHOOL.

Civil Action No: 1_26-CV-1234

MEMORANDUM IN LAW OF PLAINTIFF'S

EXPEDITED EMERGENCY MOTION TO

TO PROCEED UNDER PSEUDONYM

FILE CERTAIN DOCUMENTS UNDER SEAL,

REDACT IDENTIFYING INFORMATION

FILED WITH THIS COURT PENDING

COURT ODERS RE-SCHEDULED COURT

HEARINGS FOR JUNE 25,2026 AND

OTHER COURT PROCEEDINGS

PENDING COURT REVIEW,

PLAINTIFF'S MOTION TO

PROCEED UNDER PSEUDONYM AND

AND OR RELATED MOTIONS FILED

WITH THIS COURT AND OR PENDING

APPELLATE COURT FILING/REVIEW BY

IF NECESSARY ,BY PLAINTIFF

1

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION(S) TO PROCEED UNDER PSEUDONYM AND TO FILE CERTAIN DOCUMENTS UNDER SEAL,USE INTIALS,REDACT CERTAIN IDENTIFYING INFORMATION FILED WITH THIS COURT PENDING COURT DEADLINES, RE-SCHEDULED COURT HEARING FOR JUNE 25,2026, AND OTHER COURT PROCEEDINGS PENDING THIS COURT'S REVIEW OF PLAINTIFF'S PENDING MOTION TO PROCEED UNDER PSEUDONYM AND MOTION FOR A STAY OF THE JUNE 25,2026/RELATED FILINGS AND OR PENDING APPELLATE FILING/REVIEW OF MOTION TO PROCEED UNDER PSEUDONYM AND MOTION FOR A STAY AND RELATED FILINGS, IF NECESSARY, BY PLAINTIFF.

1.Plaintiff respectfully requests leave to proceed under a pseudonym and to file certain documents containing identifying information under seal, use initials or redact identifying information. This request is narrowly tailored to protect Plaintiff's safety, privacy, educational interests, professional reputation, and ability to pursue this litigation without suffering irreparable harm.

2.The relief requested does not prevent the Court from administering this case, nor does it prejudice Defendant, who may be provided Plaintiff's identity pursuant to an appropriate protective order if the Court deems necessary. Rather, Plaintiff seeks limited protection from public disclosure of information that would expose Plaintiff to substantial and irreversible harm.

3.Plaintiff respectfully moves for an expedited emergency motion to proceed under a pseudonym and to file certain documents containing identifying information under seal, use initials or redact identifying information pending deadlines, re-scheduled Court hearing for June 25,2026, conferences, and other proceedings until this Court rules upon Plaintiff's Motion to Proceed Under Pseudonym and motion for a stay of the re-scheduled Court hearing for June 25,2026 and related motions/filings and or pending appellate court filing and review if necessary, by Plaintiff.

4.Plaintiff has filed an expedited emergency Motion to proceed under pseudonym on May 22,2026(was denied by this Court) and filed for reconsideration of the Motion to proceed under pseudonym June 15,2026 ,Plaintiff is not aware of any rulings regarding this filing as Plaintiff cannot access the Case Management/Electronic Case File (CM/ECF) because of the pending Motion(s) to proceed under pseudonym and or intent to proceed under a pseudonym. Plaintiff filed another Motion to proceed under pseudonym on June 23,2026 that remains pending before this Court.

2

5.Accordingly, Plaintiff's receipt, review, and response to pleadings, motions, and other filings may be delayed until the pending issues concerning Plaintiff's pseudonym status have been resolved.

6.Plaintiff intends to proceed in all Court proceedings related to this action including starting the re-scheduled Court hearing for June 25,2026 under a pseudonym for reasons of safety and related potential irreparable harm that would result from public disclosure of Plaintiff's identity and or related information.

7.The pending motion(s) to proceed under pseudonym and motion for a stay of the June 25,2026 Court order and related filings presents a threshold issue concerning Plaintiff's identity and the way which Plaintiff may participate in the Court proceedings.

8.Requiring Plaintiff to proceed with litigation activities before resolution of the pending motion to proceed under a pseudonym and to file certain documents containing identifying information under seal, use initials or redact identifying information and stay of the re-scheduled hearing on June 25,2026 and    or pending appellate court filing and review if necessary, by Plaintiff risks disclosure of information and Plaintiff's identity that the motion seeks to protect.

9.If Plaintiff disclosed Plaintiff's identifying information before this Court ruled and or appellate Court filing/review, the relief sought in the pending motion proceed under pseudonym on June 15,2026 and June 23,2026 and motion for a stay that remains pending before the Court may be substantially undermined.

10.The subject matter of this litigation involves sensitive and personal matters. Public disclosure of Plaintiff's identity would expose Plaintiff to significant safety and privacy invasions, unwanted attention, harassment, and potential educational and professional harm.

11.In the modern digital environment, court filings are readily accessible through electronic databases and internet search engines. Once Plaintiff's identity becomes associated with the allegations and proceedings in this case, the resulting disclosure cannot realistically be undone.

12.Plaintiff has a reasonable and legitimate concern that public identification may subject Plaintiff to safety, harassment, intimidation, retaliation, and unwanted public scrutiny. The risk of such harm weighs heavily in favor of permitting Plaintiff to proceed under a pseudonym and file certain exhibits under seal.

13.Public disclosure would cause irreparable harm by disclosure is immediate and irreversible.

14.Unlike monetary injuries, disclosure of Plaintiff's identity cannot later be remedied through damages or corrective action and confidentiality would be lost.

15.Public disclosure occurring before such relief is granted would render that protection meaningless.

16.Because the injury at issue cannot be undone after disclosure occurs, the harm is irreparable and warrants protective measures at the outset of the litigation.

17. Disclosure may cause substantial safety, educational and professional harm

18. Public identification in connection with this litigation may adversely affect safety, educational opportunities and academic pursuits.

19.These consequences could impair Plaintiff's ability to pursue educational advancement and academic opportunities for years to come.

20.Plaintiff's seeks relief reserving both legal rights and preserving educational and professional prospects.

21.Disclosure may cause substantial professional and career-related harm

22.Public disclosure of Plaintiff's identity also threatens significant professional and employment-related consequences.

23. Plaintiff may face adverse professional consequences, reputational injury, diminished employment opportunities, and damage to future career prospects.

4

24.The risk is particularly significant because safety, educational, professional harms may persist long after this litigation concludes and cannot be adequately remedied through subsequent court orders.

25. Filing certain documents under seal is necessary and narrowly tailored

26.Plaintiff seeks permission to file only those documents containing identifying information under seal. Such documents may include documents revealing Plaintiff's legal name, personal identifying information, educational records,sensitive personal records; and other materials that would disclose Plaintiff's identity or defeat the purpose of proceeding under a pseudonym and filings under seal, use of initials and or redaction of exhibits filed with this Court.

27.The public's interest in access can be preserved through use of initials for identifying information, redacted public filings while maintaining sealed versions containing sensitive information for the Court's review.

28.This narrowly tailored approach balances the public's interest in judicial transparency with Plaintiff's compelling interests in safety, privacy, and protection from irreparable harm.

29.The balance of interests favors the requested relief

30.The limited protections requested impose little or no prejudice upon Defendant while providing substantial protection to Plaintiff.

31.The information shielded from public disclosure will be information necessary to protect Plaintiff's identity and prevent irreparable harm.

32.Under these circumstances, Plaintiff's interests in safety, privacy, educational advancement, professional opportunities, and protection from irreparable injury substantially outweigh any minimal interest in public disclosure of Plaintiff's identity.

33. For the foregoing reasons, Plaintiff respectfully requests that the Court:

5

34. Grant Plaintiff leave to proceed under a pseudonym and file certain exhibits under seal, use name initials and redact identifying information.

35. Permit Plaintiff to file documents containing identifying information under seal, redact or use initials.

36. Permit redacted versions of such documents to be filed on the public docket where appropriate

37. Prohibit public disclosure of Plaintiff's identifying information absent further order of the Court; and

38. Grant such further relief as the Court deems just and proper.

39. Plaintiff respectfully requests that this Court grants Plaintiff's Motion to proceed under pseudonym and related Court filings/motions pending deadlines and Court proceedings and re-scheduled hearing for June 25,2026 pending this Court's review/appellate Court filing by Plaintiff of Plaintiff's motion to proceed under pseudonym and motion for a stay and or related motions filed with this Court by Plaint and grant such additional relief as may be just and proper.

Respectfully submitted,

JANE DOE,

Plaintiff, Pro Se

June 24,2026

Massachusetts.

Plaintiffs Identity and Contact Information Filed Under Seal Pending Court Approval

CERTIFICATION REGARDING NOTICE

I,Plaintiff("JANE DOE") certifies that prior notice to Defendants was not practicable due to the imminence of the scheduled proceeding and the risk that delay would render the requested relief ineffective. Plaintiff has provided prompt notice to Defendants' counsel Daniel J. Cloherty contemporaneously with filing of this motion and related motions on June 24,2026.

8